IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

F.S.A.,

Petitioner,

v.

Warden, STEWART DETENTION CENTER, *et al.*,

Respondents.

Case No. 4:25-cv-307-CDL-AGH
28 U.S.C. § 2241

ORDER

Pending before the Court is Respondents' third motion to dismiss Petitioner's amended application for habeas relief under 28 U.S.C. § 2241 (ECF Nos. 35, 15). For the reasons explained below, the Court finds the Report and Recommendation (ECF No. 34) moot and grants the motion to dismiss (ECF No. 35).

BACKGROUND

On August 5, 2026, the U.S. Magistrate Judge recommended that Petitioner's habeas application be granted pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) because Petitioner had shown a post-final removal order of detention in excess of eleven months and because the evidence showed no significant likelihood of removal in the reasonably foreseeable future. R. & R. 12-25, ECF No. 34. The day after the Magistrate Judge entered her Recommendation, Petitioner was released from custody under an order of supervision (OSUP). Respondents filed a third motion to dismiss, contending

that Petitioner's habeas application was rendered moot by his release. Resp'ts' 3rd Mot. to Dismiss (MTD) 1-2, ECF No. 35. Respondents also request that the Magistrate Judge's recommendation be withdrawn "based upon the changed circumstances[.]" *Id.* at 1.

In response, Petitioner argues that the Court should not dismiss the petition and should adopt the Recommendation. Pet'r's Resp. 3, ECF No. 37. Petitioner contends that, under the OSUP, he "remains subject to concrete, legally enforceable restraints under the same post-removal-order custody regime challenged in his amended petition." *Id.* Thus, Petitioner argues that the favorable Recommendation, if adopted, is necessary to "alter those restraints and govern any future revocation of release based on the unchanged removal record." *Id.* Second, Petitioner argues that "Respondents retain and expressly threaten the power to arrest and detain Petitioner, have not disavowed re-detention on the same facts, and continue to dispute the R&R's conclusions." *Id.* Finally, Petitioner contends that the case is not moot based upon the "voluntary cessation" exception to the mootness doctrine. *Id.* at 12.

DISCUSSION

First, the Court finds that the petition is moot. "Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v.*

*United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art. III, § 2). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner's release from custody under an OSUP renders his habeas petition moot. He does not challenge the conditions of his supervision within his petition, and in fact, his petition specifically requests "restoration of his prior OSUP status and immediate release from detention[.]" Am. Pet. 8, ECF No. 15; *see Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022) (noting that the petitioner's prayer for relief was satisfied where he was released from custody under an order of supervision and did not challenge his conditions of release). Because the petition is now moot, "[a]ny decision on the merits of [this] case or issue would be an impermissible advisory opinion." *Djadju*, 32 F.4th at 1108.

Petitioner asks the Court rule on a moot issue to prevent his re-detention. However, Petitioner remains subject to detention. Respondents may detain aliens subject to supervision (1) for violating a condition of release or (2) for removal, "if, on account of changed circumstances, [Immigration and Customs Enforcement] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i). Petitioner's current habeas petition cannot serve to prevent hypothetical future detention.

Second, the Court lacks jurisdiction over Petitioner's claim. Petitioner is subject to a final order of removal. Resp'ts' 1st MTD Ex. F, ECF No. 11-7. On August 6, 2026, Petitioner was released from detention on an OSUP. Resp'ts' 3rd MTD Ex. A, ECF No. 35-1. Respondents may impose conditions of release while Petitioner remains in the United States pending removal. 8 U.S.C. § 1231(a)(3) ("If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed[.]"). Moreover, the Court has no "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g). To the extent that Petitioner asks the Court to review his current conditions of release, the Court is barred from doing so as the

OSUP is an "action" that stems from the "execut[ion] of removal orders." 8 U.S.C. § 1252(g).

Third, the "voluntary-cessation" exception to the mootness doctrine is not applicable here. Under this exception, a district court considers "whether: (i) the change in conduct resulted from substantial deliberation or is merely an attempt to manipulate jurisdiction; (ii) the government's decision to terminate the challenged conduct was unambiguous, i.e., permanent and complete; and (iii) the government has consistently maintained its commitment to the new policy or legislative scheme." *Djadju*, 32 F.4th at 1109. When the defendant is a governmental entity, "'there is a presumption that the government will not later resume the action,' [and] the opposing party must show a reasonable expectation that the government will reverse course." *Id.* (citing *Walker v. City of Calhoun*, 901 F.3d 1245, 1270 (11th Cir. 2018)).

Assuming without deciding that the voluntary-cessation doctrine applies in this context, *see id.*, the Court notes that Respondents released Petitioner prior to any order from the Court adopting or rejecting the magistrate judge's Recommendation. Therefore, the Court will not assume that Respondents will violate the law in the future, and it will not recommend prophylactic relief based on that assumption. If Petitioner is re-detained, and he believes there is still no significant likelihood of his removal, he has a mechanism to challenge that re-detention: filing

a new habeas petition. *See* Resp'ts' Reply 3, ECF No. 40; *see also* *Djadju*, 32 F.4th at 1109 (noting the government's concession that if the petitioner was re-detained, he could bring a new habeas action).

CONCLUSION

For the foregoing reasons, the Court finds the Report and Recommendation (ECF No. 34) moot, grants Respondents' third motion to dismiss (ECF No. 35), and dismisses Petitioner's amended petition (ECF No. 15) as moot.[1]

IT IS SO ORDERED, this 23rd day of September, 2026.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

[1] Also pending before the Court are Respondents' first and second motions to dismiss Petitioner's petition and amended petition (ECF Nos. 11, 18). In light of the Court's Order granting Respondents' third motion to dismiss, these prior motions to dismiss are also denied as moot.